Hamburg Unemployment Compensation Case.

Argued April 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Linn B. Washington,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 15, 1960:

This is an unemployment compensation case in which the Bureau of Employment Security, the Referee and the Unemployment Compensation Board of Review

all held that the claimant, Harry W. Hamburg, was disqualified from receiving benefits under the provisions of §402(b) of the Unemployment Compensation Law, 43 PS §802(b).

Section 402(b) of the Unemployment Compensation Law, supra, provides: "An employe shall be ineligible for compensation for any week—(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . ."

The board found that the claimant was last employed at a yearly salary of $4200 by West View Ice Company, Pittsburgh, Pa. He had been so employed for 35 years. His last day of work was December 31, 1957. He was president of this company and controlled fifty percent of its stock. Because of illness and certain disagreements with the other shareholder he sold his interest to the co-owner, retired from the business and so lost his position. These facts were supported by competent testimony and are binding on this Court. *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A. 2d 452 (1958).

There is no question but that the claimant voluntarily terminated his employment by the sale of his interest in the business so that he had the burden of showing the necessitous and compelling nature of the cause for leaving. *Johnson Unemployment Compensation Case*, 182 Pa. Superior Ct. 138, 125 A. 2d 458 (1956).

Here, the claimant's employment existed by virtue of his ownership of a fifty percent financial interest in this corporation. He could not be forced to leave because of the interest he controlled but he chose to sell out his stock on the basis of ill health and differences of opinion with the other owner. This voluntary act resulted in the loss of his job which he must have

anticipated when he made up his mind to retire from the business in view of his disagreements with the new sole owner. An employe who retires voluntarily is disqualified from benefits. *Herbster Unemployment Compensation case*, 186 Pa. Superior Ct. 172, 142 A. 2d 747 (1958) ; *Adams Unemployment Compensation Case*, 186 Pa. Superior Ct. 191, 140 A. 2d 457 (1958).

We agree, too, with the argument advanced by counsel for the board, that the employment authorities would have been justified, in this case, in concluding that this claimant was self employed and not entitled to benefits when he terminated this business venture. The piercing of the corporate veil would expose his half ownership and control of the business that created his job. *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A. 2d 254 (1948).

Decision affirmed.