Murray Unemployment Compensation Case.

Argued September 13, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*John J. Runzer*, with him *Pepper, Hamilton & Scheetz*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., November 16, 1960:

This is an unemployment compensation case in which the claimant has appealed from a decision of the Unemployment Compensation Board of Review disallowing compensation. The Board found that the claimant had voluntarily terminated his employment

without cause of a necessitous and compelling nature within the meaning of section 402(b) of the Unemployment Compensation Law.

The claimant had purchased a taproom business and incorporated it under the name 2101 Bar, Inc. He was president of the corporation and received a salary of $3,800.00 per year until May 29, 1959, at which time he sold all of his stock in the corporation because he was desirous of going into some other type of business.

. The claimant contends that he is entitled to benefits for the reason that the stock and assets of the corporation were sold because of inability to meet debts and the general unprofitableness of the business and that he is unemployed through no fault of his own since the reason for the sale was the prevention of foreclosure by creditors.

Although the claimant did not testify at either of the two hearings that were scheduled, nevertheless, there was sufficient competent evidence for the Board to render a decision. The claimant's signed statements submitted to the Bureau of Employment Security, wherein he stated a desire to enter into a new business as the reason for selling his stock in the corporation, were a part of the record and any oral testimony that he might have given or be privileged to give to the contrary at a supplemental hearing would merely create a conflict of his own testimony. We therefore conclude that the claimant has had a fair hearing of his case and that nothing would be accomplished by remanding it for further hearing.

Section 402(b) of the Unemployment Compensation Law provides: "An employee shall be ineligible for compensation for any week—(b)(1) in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." The claimant's unemployment resulted from a business transaction involving his financial interest in the cor-

poration. The employment authorities were justified, in this case, in piercing the corporate veil and finding that the claimant was self-employed and not entitled to benefits for that reason. Since he had complete control of all the stock, he was in control of the corporation's actions. He is therefore responsible for the loss of his technical employment as he must have anticipated that his actions would so result. In effect, claimant retired solely by his own choice. An employee who retires voluntarily is disqualified from benefits. *Herbster Unemployment Compensation Case*, 186 Pa. Superior Ct. 172, 142 A. 2d 747; *Hamburg Unemployment Compensation Case*, 192 Pa. Superior Ct. 598, 162 A. 2d 55.

The facts as found by the Board of Review are sufficiently supported by the competent evidence and are, therefore, conclusive and binding upon this Court.

Decision affirmed.