## Charney Unemployment Compensation Case.

Argued December 13, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Harry Fischer,* with him *Fischer and Fischer,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 22, 1961:

In this unemployment compensation case the Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review all held that the claimant was disqualified from benefits under the provisions of §402(b) of the law, 43 PS §802(b), in that he voluntarily terminated his employment without cause of a necessitous and compelling nature.

The claimant, Edward Charney, is 70 years of age and was last employed as Secretary-Treasurer by Edward Charney, Inc., at a monthly salary of $600. His last day of employment was February 29, 1960. He owned the controlling interest in the corporation and his wife was the only other stockholder. The corporation was engaged in manufacturing clothing on a contractual basis. The corporation lost its lease to the property, where the business was being conducted, and it was the judgment of the claimant that the business did not warrant seeking new quarters so that he elected to terminate the business. The board found that he stopped manufacturing as of February 29, 1960, and during March, 1960 he was engaged in selling his stock and fixtures and liquidating the corporation.

There is no question but that he voluntarily terminated his employment by the liquidation of this busi-

ness. As the owner of the business, he was both employer and employee, and he ceased to be employed only because, as the owner, he decided to voluntarily retire from business. By doing so, he became an unemployed business man. *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A. 2d 254 (1948).

In *Hamburg Unemployment Compensation Case*, 192 Pa. Superior Ct. 598, 162 A. 2d 55 (1960), we held that the claimant voluntarily terminated his employment by the sale of his 50% interest in the corporation. His voluntary act resulted in the loss of his employment which he must have anticipated when he made up his mind to retire from the business in view of disagreements with the other stockholders. We suggested, in that case, that the employment authorities would have been justified in concluding that the claimant was self employed by piercing the corporate veil to expose his half ownership. All laws should receive a sensible construction and consideration should be given to what was the mischief to be remedied by the law and the true reason of the remedy. The purpose of the Unemployment Compensation Act is to help solve "involuntary unemployment and its resulting burden of indigency" and of course, the fund is "to be used for the benefit of persons unemployed through no fault of their own." *Dawkins Unemployment Compensation Case*, supra, at page 234.

What Judge MONTGOMERY said in *Murray Unemployment Compensation Case*, 193 Pa. Superior Ct. 464, 165 A. 2d 273 (1960), is equally applicable here. "The employment authorities were justified, in this case, in piercing the corporate veil and finding that the claimant was self-employed and not entitled to benefits for that reason. Since he had complete control of all the stock, he was in control of the corporation's actions. He is therefore responsible for the loss of his technical employment as he must have anticipated that his ac-

tions would so result. In effect, claimant retired solely by his own choice. An employee who retires voluntarily is disqualified from benefits."

Decision affirmed.