## Stern Unemployment Compensation Case.

Argued December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Murry Powlen,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 22, 1961:

This is an unemployment compensation appeal in which the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review, all concluded that the claimant was disqualified from receiving benefits under the provisions of §402(b) of the law, 43 PS §802(b), in that he voluntarily terminated his employment without cause of a necessitous and compelling reason.

The claimant, Bernard Stern, was last employed as a bartender by P.B.J. Bars, Inc., Philadelphia, Pennsylvania on June 30, 1959. He was secretary of the Corporation and owned 50% of the stock. Two of the stockholders, one of whom was his brother, each owned 25% of the stock. He was the only working stockholder. On June 22, 1959, he sold his interest to the other two stockholders for the sum of $36,500 and voluntarily left the business. In doing so, it is clear that the claimant did bring about the termination of this technical employment with the corporate entity.

The facts in this case are similar, and it is controlled by our decision in *Charney Unemployment Compensation Case,* 194 Pa. Superior Ct. 402, 168 A. 2d 604. See also: *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55 (1960) ; *Murray Unemployment Compensation Case,* 193 Pa. Superior Ct. 464, 165 A. 2d 273 (1960).

Decision affirmed.