## Mednick Unemployment Compensation Case.

Argued June 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Henry N. Fineman*, with him *Morris Passon*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., September 12, 1961:

This is an appeal from the decision of the Unemployment Compensation Board of Review which held that the claimant, Bernard Mednick, was disqualified from receiving benefits under the provisions of section 402(b)(1) of the Unemployment Compensation Law, 43 PS 802(b)(1).

Section 402(b)(1) of the Unemployment Compensation Law, supra, provides: "An employe shall be ineligible for compensation for any week— ... (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The claimant here was the owner of 50% of the corporate stock of Bernard Mednick Associates, Inc., 429 Arch Street, Philadelphia 6, Pennsylvania. He was president and manager of the corporation, which manufactured draperies and slip covers. It had been the practice during the period of its existence to assign accounts receivable to factors, the corporation receiving back 80% of the amount of the accounts at the time of the assignment. Due to financial difficulty the corporation arranged an additional advance from its factors, Middle Atlantic Credit Corporation, for which they gave a judgment note. The financial condition of the corporation worsened and in January, 1960 the Middle Atlantic Credit Corporation entered the judgment note against the corporation and by execution and replevin obtained title or possession of all the inventory, machinery, and equipment of the corporation. As a result thereof, the corporation went out of business. Claimant rendered no services nor did he receive any remuneration from the corporation after January 27, 1960.

On May 19, 1960 the claimant filed for unemployment compensation benefits and the Bureau of Employment Security rendered a decision disqualifying the claimant on the ground that when he became unem-

ployed he became an unemployed employer rather than an unemployed employe. The Referee reversed the Bureau's decision and allowed the appellant benefits on the ground that he met all the requirements of the Law. However, the Board of Review concluded differently, as above stated, and reversed the Referee.

The question here is whether the claimant was an employe who voluntarily terminated his employment within the meaning of the Act, when he was forced out of business by financial difficulties and due legal process over which he claims he had no control. The claimant's technical status as employe existed solely because of his ownership of fifty per cent of the stock of the corporation. His "unemployment" resulted from successive business transactions which apparently were unsuccessful and over which the claimant had complete control as manager of the corporation. A claimant cannot be entitled to benefits under the Unemployment Compensation Law for the reason that the assets of the employer were sold or transferred because of the employer's inability to meet debts and the general unprofitableness of the business, where the employer is the claimant himself. *Murray Unemployment Compensation Case,* 193 Pa. Superior Ct. 464, 165 A. 2d 273. The Board of Review was justified in concluding that the claimant was self-employed. The piercing of the corporate veil exposes his half ownership and control of the business. *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254; *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55.

The claimant was not forced to leave his employment as he claims, and could not be forced to leave because of the interest he controlled, but rather he chose voluntarily to terminate his business on the basis of lack of funds and equipment. The Unemployment Compensation Law was never intended to provide benefits

to those individuals who become "unemployed" by reason of the failure of their own business ventures.

Decision affirmed.