## Bernstein Unemployment Compensation Case.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Samuel B. Brenner,* with him *Brenner and Brenner,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., March 21, 1962:

In this unemployment compensation case the bureau and the referee denied benefits to the claimant under §402(b)(1) of the Unemployment Compensation

Law, 43 PS §802(b)(1). The board affirmed denial of benefits but held that the claimant was ineligible to receive benefits under §402(h) of the Unemployment Compensation Law, 43 PS §802(h).

It is our opinion that the board's decision was a correct one but based upon an erroneous reason. The bureau and referee based their decision upon the correct reason.

The claimant was president and general manager of Berne Company, Inc., Philadelphia, Pennsylvania, a Pennsylvania corporation, and owned fifty per cent of the capital stock of that corporation. The other fifty per cent of the capital stock was owned by Jack C. Scalise, who was secretary and treasurer of the corporation. Claimant received $175.00 per week as remuneration for his services until April 20, 1961, at which time the business was discontinued. On April 26, 1961 the corporation filed a voluntary petition in bankruptcy in the United States District Court and was adjudicated a bankrupt. The claimant made application for unemployment benefits on April 29, 1961. A receiver was appointed and the assets of the corporation were subsequently sold.

Section 402(h) of the Unemployment Compensation Law is as follows: "An employe shall be ineligible for compensation for any week— . . . (h) In which he is engaged in self-employment: . . . ."

The claimant was not engaged in self-employment for the period of time for which benefits were claimed. In fact, he had no employment at all. Section 402(h) applies only to a situation where the claimant is actually self-employed and applies for benefits for such period of time.

The claimant, however, must be denied compensation because of the principles expressed in *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A. 2d 254.

The claimant must also be denied compensation because of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1), which makes an employe ineligible for compensation for any week "In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." *Mednick Unemployment Compensation Case,* 196 Pa. Superior Ct. 73, 173 A. 2d 665, is a recent decision in a case very similar to the present case. In that case the claimant also owned fifty per cent of the corporate stock and the assets of the corporation were sold or transferred because of the employer's inability to meet debts and the general unprofitableness of the business. In that case we pierced the corporate veil and discovered that the claimant was a half owner of the business and controlled the business. At page 75 we said: "The question here is whether the claimant was an employe who voluntarily terminated his employment within the meaning of the Act, when he was forced out of business by financial difficulties and due legal process over which he claims he had no control. The claimant's technical status as employe existed solely because of his ownership of fifty per cent of the stock of the corporation. His 'unemployment' resulted from successive business transactions which apparently were unsuccessful and over which the claimant had complete control as manager of the corporation. A claimant cannot be entitled to benefits under the Unemployment Compensation Law for the reason that the assets of the employer were sold or transferred because of the employer's inability to meet debts and the general unprofitableness of the business, where the employer is the claimant himself."

In the present case we might also say that the claimant's unemployment results from business transactions which were unsuccessful and over which the claimant had complete control as president and manager of the

corporation. In the *Mednick* case we also said, at pages 75 and 76: "The Unemployment Compensation Law was never intended to provide benefits to those individuals who become 'unemployed' by reason of the failure of their own business ventures."

The attorney for the appellant argues that while the bankruptcy was voluntary, it was forced upon the corporation because of financial difficulties. A similar situation in the *Mednick* case also caused the entry of the judgment note against the corporation and the execution thereon and a replevin proceeding whereby possession of all the inventory, machinery and equipment of the corporation was lost. We think the present case is ruled by *Mednick*. For other similar cases see *Hamburg Unemployment Compensation Case*, 192 Pa. Superior Ct. 598, 162 A. 2d 55; *Murray Unemployment Compensation Case*, 193 Pa. Superior Ct. 464, 165 A. 2d 273; *Charney Unemployment Compensation Case*, 194 Pa. Superior Ct. 402, 168 A. 2d 604.

The attorney for the claimant also complains of the fact that the Berne Company, Inc. paid unemployment compensation tax to cover, inter alia, this claimant. We agree that this was inequitable but it has now been corrected by the legislature. See Act of September 1, 1961, P. L. 1301, amending §4(x) to read as follows: "(x) 'Wages' means all remuneration (including the cash value of mediums of payment other than cash) paid by an employer to an individual with respect to his employment except that the term 'wages' shall not include . . .

"(10) The amount of any payment made after October first, 1961, to an individual by any corporation, partnership, association or other business entity in which fifty per centum (50%), or more, of the proprietary interest is owned by such individual, his spouse, father, mother, brother, sister, or any combination of such persons, unless the tax imposed by the Federal

Unemployment Tax Act is payable with respect to such payment or payments."
Decision affirmed.