## Hyman Unemployment Compensation Case.

Argued September 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Leonard B. Gordon,* for appellants.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., November 15, 1962:

In this unemployment compensation case the Bureau of Employment Security disqualified the claimants from receiving benefits under the provisions of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1), in that they were self-employed and that the unemployment was brought about by their own

action in executing an assignment for the benefit of creditors. The Referee and the Unemployment Compensation Board of Review affirmed this action. The testimony concerning these claims is similar and the appeals were heard together and will be disposed of by this opinion.

The claimants, Frieda M. Hyman and Sanford L. Hyman, mother and son, are President and Secretary-Treasurer, respectively, of Arbest Manufacturing Company, Inc. Sanford owned 50% of the stock of the company and his mother Frieda, as beneficiary of the estate of his deceased father, owned 50% of the stock of the company. Frieda, as president of the corporation and for clerical services drew a salary of $125 a week. Sanford, as secretary-treasurer and sales manager, received $125 per week.

Because of the financial condition of the corporation an assignment for the benefit of creditors was executed and the assignee took over the assets of the company on October 22, 1961, and the business was not operated thereafter. We have held that where, ". . . the claimants are the principal officers and controlling stockholders of the corporate employer, the board is not required to ignore the true state of affairs and regard the claimants merely as employes of the corporate entity." *DePriest Unemployment Compensation Case,* 196 Pa. Superior Ct. 612, 615, 177 A. 2d 20 (1961). In such cases we have pierced the corporate veil and found them not to be unemployed employes but unemployed businessmen. *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254 (1948); *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55 (1960).

The separation of the claimants from their employment by the corporation in which they were the sole owners was brought about by their own voluntary act in the assignment for the benefit of creditors. This

ending of their technical employment was not such an act as to meet the requirements of cause of a necessitous and compelling nature as set forth in §402(b)(1). *DePriest Unemployment Compensation Case,* supra; *Hamburg Unemployment Compensation Case,* supra.

In *Mednick Unemployment Compensation Case,* 196 Pa. Superior Ct. 73, 173 A. 2d 665 (1961), where the claimant's unemployment resulted when all the assets of the corporation were seized by a judgment creditor and he was the owner of 50% of the corporate stock, we held he was disqualified for benefits under §402-(b)(1) and said, "The Unemployment Compensation Law was never intended to provide benefits to those individuals who become 'unemployed' by reason of the failure of their own business ventures."

Decision affirmed.