## Freas Unemployment Compensation Case.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P.J., absent).

*Vincent M. Casey,* with him *Margiotti & Casey,* for appellants.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., June 12, 1963:

In this unemployment compensation case the bureau, the referee and the board all concluded that the three claimants were not entitled to compensation because of §402(b, 1) of the Unemployment Compensation Law, 43 PS §802(b, 1).

Three separate claims for benefits have been appealed to us in a single record, pursuant to §505 of the Unemployment Compensation Law, since they all involve the same issues and are based essentially on the same set of facts. The appellants, Philip O. Freas, II, Jay H. Freas and William R. Freas, were last employed by Freas Brothers, Inc., Punxsutawney, Pennsylvania, as parts manager, general manager and salesman, respectively. Appellants were the secretary, president and treasurer, respectively, of Freas Brothers, Inc., each owning one-third of the stock of said corporation.

On February 13, 1962, due to the corporation's inability to meet its financial obligations, all of its assets were levied upon, as a result of which the appel-

lants became unemployed. We have held in a number of cases recently that where the claimants are the principal officers and controlling stockholders of the corporate employer and the corporation fails, the claimants are ineligible for compensation on the ground that their unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature: *DePriest Unemployment Compensation Case,* 196 Pa. Superior Ct. 612, 177 A. 2d 20; *Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A. 2d 438; *Gheder Unemployment Compensation Case,* 186 Pa. Superior Ct. 493, 142 A. 2d 355; *Wax Unemployment Compensation Case,* 189 Pa. Superior Ct. 196, 149 A. 2d 191; *Urban Unemployment Compensation Case,* 189 Pa. Superior Ct. 503, 151 A. 2d 655; *Meckes Unemployment Compensation Case,* 190 Pa. Superior Ct. 578, 155 A. 2d 463; *Hyman Unemployment Compensation Case,* 199 Pa. Superior Ct. 532, 185 A. 2d 821. No essential purpose would be served in repeating the reasoning set forth in the above line of cases. The Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen: *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 228, 56 A. 2d 254.

Decisions affirmed.