## Snider Unemployment Compensation Case.

Argued November 11, 1964. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*James D. Morton,* with him *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 16, 1964:

In this unemployment compensation case the Unemployment Compensation Board of Review reversed the referee and held the claimant to be an unemployed businessman and not an unemployed worker subject to the Act.

The claimant, Douglas E. Snider, was the president, manager and principal stockholder in Snider Chevrolet, Inc., a Pennsylvania corporation. This corporation operated a Chevrolet sales franchise. The record shows that the franchise was a successful one until a dispute developed between the claimant and General Motors Corporation. He clearly had a proprietary interest therein to the extent of 460 shares of nonvoting Class B stock and the Motors Holding Division of General Motors Corporation held the 440 shares of Class A voting stock. The Chevrolet franchise was a contract between General Motors and the claimant. General Motors was not his employer. He was employed by the Snider Corporation at a salary of $1400 per month with options to purchase voting shares through a dealer investment plan. As profits were made by the Snider corporation the claimant was buying Class A stock and had, at the time of his dismissal, purchased 60 shares of such stock but they would not become voting shares until the entire ownership came to the Snider corporation. In order to obtain the franchise the claimant had agreed to invest forty thousand dollars of his own money in the business. This was to be unencumbered funds but in violation of the agreement the claimant borrowed the money that was invested and when this was discov-

ered by General Motors the franchise was cancelled. The record shows that the franchise was successfully operated by Snider corporation until this dispute developed. The record also shows that the corporation was in a position to either secure another franchise or liquidate and the directors of the corporation decided to liquidate. There is no question but that the loss of the franchise caused the liquidation. Upon the loss of the franchise the claimant was removed as president and manager of the corporation.

We think this record clearly discloses the situation where a man made a sizeable investment in a business in which he, at the time, owned 51% of nonvoting stock but that the investment was made looking forward to sole ownership of this business. This man became a businessman at his own risk. "He could not assume his new status with the legal assurance that if his expectations of more favorable economic results from his new status was realized he would be the sole gainer while if his venture failed he could fall back on his compensation benefits. . .". *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 235, 56 A. 2d 254 (1948). "Persons who are engaged in business for themselves must be considered to have removed themselves from the class of unemployed." *Wax Unemployment Compensation Case,* 189 Pa. Superior Ct. 196, 149 A. 2d 191 (1959).

It should also be pointed out that unemployment compensation benefits are for workers who are unemployed through no fault of their own. Here is an unemployed businessman unemployed because he violated an agreement to invest unencumbered funds to obtain an automobile franchise.

Decision affirmed.