Mr. Justice Pringle
delivered the opinion of the court.
Lyle Adjustment Co. is a corporation which was wholly owned by claimant and her husband. Both spouses were officers of the corporation, wherein the husband held the office of president and claimant held that of secretary. Claimant also kept the corporation’s books for which service she received a salary of $500 per month.
In August, 1962, divorce proceedings were instituted against claimant by her husband. As a result, the claimant and her husband entered into a property division agreement whereby, in exchange for $43,000 in cash and other property, claimant agreed to convey all of her stock in the corporation to her husband and to terminate her job as bookkeeper. In addition, the husband agreed to pay alimony to the wife and support money for the minor children. The property settlement was subsequently approved by the divorce court and incorporated into the divorce decree.
On March 8, 1963, claimant voluntarily resigned from her position as secretary and bookkeeper pursuant to the above agreement. Thereafter, claimant applied for unemployment compensation benefits. After a hearing before the deputy of the Industrial Commission, State Ex Officio Unemployment Compensation Commission, hereinafter referred to as the Commission, claimant was awarded unemployment benefits. The corporation appealed the decision and a hearing was held before the referee of the Commission.
The proceedings before the referee were replete with questions and answers concerning visitation rights, child support and other matters concerning the domestic situ *244 ation involved in the divorce proceedings between the claimant and her husband. This point is graphically illustrated by the following statement of claimant’s counsel to the referee:
“I would like to point out, this is actually a continuation of divorce proceedings and property settlement. It is not definitely termination which is involved. It is more than that. It means, unfortunately, carrying on litigation where litigation should not be carried on.”
Claimant thereupon testified that she was forced to agree to that part of the property settlement which required the liquidation of her interest in the corporation and the termination of her job as bookkeeper to prevent her husband from having visitation rights with her children. The Commission apparently adopted claimant’s contention and found that, although claimant left her employment voluntarily and had control over and made the decision to cease employment, nevertheless, the circumstances surrounding the termination were “serious and compelling.” The Commission then concluded that claimant was entitled to an award subject to a two week disqualification for benefits.
The corporation appealed the Commission’s finding and award to the district court. The latter tribunal reversed the findings and award of the Commission on the ground that there was no competent evidence presented to the Commission which would bring claimant’s claim within the scope of the Colorado Employment Security Act.
Claimant here seeks reversal of the adverse ruling of the trial court. As grounds therefor, claimant urges that the award of the Commission was supported by substantial and competent evidence and should have been affirmed by the trial court. In our opinion, the contentions of claimant are without merit.
Claimant’s position is essentially a collateral attack upon the validity of the property division approved and decreed by the divorce court. Certainly, the Indus *245 trial Commission in an unemployment compensation hearing had no competency to set aside the solemn pronouncement of the district court in the divorce proceedings that the agreement was not a product of coercion. The record clearly reveals that the entire hearing before the referee was conducted, as the claimant’s attorney put it, as a “continuation of the divorce proceedings and property settlement.” This was beyond the Commission’s jurisdiction as the trial court properly found.
We hold that under the circumstances of this case the provisions of the Employment Security Act are not applicable to this claimant. The record here shows that claimant agreed to leave her position in the company as one of the incidents of receiving a considerable amount of money. She received the substantial consideration she bargained for and intends to keep it. She now seeks consideration over and above the amount she contracted for. In C.R.S. ’53, 82-1-2, the Legislature of this state has set forth guidelines for the “interpretation and application” of the Employment Security Act. This statement is a constituent part of the Act. Cottrell Clothing Co. v. Teets, 139 Colo. 558, 342 P.2d 1016. Applying this statement of policy, it is at once apparent that the Act does not confer benefits upon a partner who voluntarily agrees to dissolve a partnership (and in the instant case a piercing of the corporate veil immediately discloses that the business entity was owned in equal shares by the husband and wife), received a distribution of assets, and thereupon voluntarily agrees to relinquish his duties at the business. See Hamburg v. Unemployment Comp. Board of Review, 192 Pa. Super. 598, 162 A.2d 55.
The judgment is affirmed.
Mr. Chief Justice Sutton not participating.