## Starinieri Unemployment Compensation Case.

Argued November 15, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*A. A. Guarino,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *William C. Sennett,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, April 20, 1972:

The issue presented by this appeal is whether one who is a shareholder, director and officer of a closely-held corporation is eligible for unemployment compensation benefits upon the cessation of business by that corporation due to voluntary bankruptcy proceedings. The Bureau of Employment Security held not, and so denied benefits to claimant-appellant. This disposition was affirmed in successive appeals to a referee, the Unemployment Compensation Board of Review and the Superior Court. *Starinieri Unemployment Compensation Case,* 216 Pa. Superior Ct. 798, 261 A. 2d 116 (1970). We granted allocatur.

The undisputed facts are as follows: Delaware Valley Electronic Supply Company was a Pennsylvania

corporation having outstanding a total of forty shares of capital stock. At the time it ceased doing business, appellant owned fifteen shares; the other twenty-five shares were owned by three persons not related to appellant.[1] Each of the shareholders was a director of the corporation. Burton Seller, owner of sixteen shares, was President. Appellant was the Secretary-Treasurer and acted as the executive manager of the company. His salary was $140 per week. The termination of appellant's employment with Delaware Valley was a result of a voluntary petition in bankruptcy filed by the company, precipitated when a creditor (the ex-wife of the President) obtained a $30,000 judgment against the company and had the doors padlocked.

Section 402 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, §402, *as amended*, 43 P.S. §802, provides, "[A]n employee shall be ineligible for compensation for any week—(h) In which he is engaged in self-employment. . . ." Thus, a self-employed person who becomes an "unemployed businessman" is ineligible to receive unemployment compensation. *E.g., Freas Unemployment Compensation Case,* 201 Pa. Superior Ct. 150, 191 A. 2d 740 (1963). *See, also,* Annot., 65 A.L.R. 2d 1182 (1959). The Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen. *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254 (1948). The Board concluded that appellant was a self-employed "businessman," as opposed to a "worker" and, therefore, declared him ineligible for benefits. Majority ownership of the

---

[1] The stock ownership was as follows: Burton Seller—sixteen shares; William Seller—five shares; James Myers—four shares; and Nicholas Starinieri (appellant)—fifteen shares.

stock, it held, was not a prerequisite to the status of "businessman"; one who through ownership of stock and his position in the corporation exercises a "substantial degree of control" over its operation qualifies as such.

While recognizing a series of Superior Court decisions, following *Dawkins,* which denied benefits to claimants in a control position,[2] the appellant correctly notes that each of those claimants had greater than 50% control in the failing company. However, benefits were denied in *Freas Unemployment Compensation Case,* 201 Pa. Superior Ct. 150, 191 A. 2d 740 (1963), and *Roccograndi Unemployment Compensation Case,* 197 Pa. Superior Ct. 372, 178 A. 2d 786 (1962), even though each claimant owned less than 50% of the stock in the failing company. Basing his argument on Section 4(x)(10) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, §4(x)(10), *as amended,* 43 P.S. §753(x) (10),[3] appellant attempts to limit the denial of benefits under *Freas* and *Roccograndi* to situations where

---

[2] *See, e.g., Snider Unemployment Compensation Case,* 204 Pa. Superior Ct. 538, 205 A. 2d 658 (1964) ; *Mednick Unemployment Compensation Case,* 196 Pa. Superior Ct. 73, 173 A. 2d 665 (1961) ; *Stern Unemployment Compensation Case,* 194 Pa. Superior Ct. 405, 168 A. 2d 605 (1961) ; *Charney Unemployment Compensation Case,* 194 Pa. Superior Ct. 402, 168 A. 2d 604 (1961) ; *Murray Unemployment Compensation Case,* 193 Pa. Superior Ct. 464, 165 A. 2d 273 (1960) ; *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55 (1960).

[3] "(x) 'Wages' means all remuneration (including the cash value of mediums of payment other than cash), paid by an employer to an individual with respect to his employment except that the term 'wages' shall not include: . . . (10) The amount of any payment made after October first, 1961, to an individual by any corporation, partnership, association or other business entity in which fifty per centum (50%), or more, of the proprietary interest is owned by such individual, his spouse, father, mother, son, daughter, brother, sister, or any combination of such persons. . . ."

a minority shareholder-employee is related to other claimants and the percentage of ownership of all claimants exceeds 50%. We disagree. Neither opinion makes any reference to the definition of wages under the Unemployment Compensation Law. The turning point of these opinions was the collective percentage of the claimants' ownership of the corporation rather than the blood relationship between the claimants. While these opinions are not binding upon this Court, they do cover this situation and we believe they are correct.

On balance, we share the view of the Unemployment Compensation Board of Review that the proper test is whether the employee "exercises a substantial degree of control over the corporation;" if so, he is a businessman and not an employee. The appellant in this case was the Secretary-Treasurer as well as the General Manager of the Delaware Valley Electronic Supply Company. In addition, appellant was the second largest shareholder of the corporation. Thus, it is clear that appellant had a substantial degree of control over the activities of the corporation and he was not a mere "employee."

Order affirmed.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.

————

DISSENTING OPINION BY MR. JUSTICE POMEROY:

The court today concludes that the relevant test for determining whether an ex-employee is an unemployed businessman is "substantial degree of control." It is my view that the Unemployment Compensation Law requires a finding of 50% control, either alone or with other members of one's family. Because appellant does

not have that degree of ownership, I must respectfully dissent.

As correctly noted by the majority, with the exception of *Freas Unemployment Compensation Case,* 201 Pa. Superior Ct. 150, 191 A. 2d 740 (1963) and *Roccograndi Unemployment Compensation Case,* 197 Pa. Superior Ct. 372, 178 A. 2d 786 (1962), all the cases relying on *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254 (1948), are distinguishable from the one at bar in that they involved claimants having greater than 50% control in the failing company. In *Freas,* each of three claiming brothers owned one-third of the outstanding stock. In *Roccograndi,* again three members of the same family, who in combination owned 59% of the stock, applied for benefits. In both, the denial is consonant with the definition of wages which are made subject to the unemployment compensation tax. Section 4(x) (10) of the Unemployment Compensation Law, Act of December 5, 1936, Second Exec. Sess., P. L. (1937) 2897, art. I, 43 P.S. 753(x) (10).

The majority has apparently elected to disregard any correlation between §4(x) (10) of the statute, relative to imposition of the tax, and §402(h) which provides that those engaged in self-employment are not eligible for benefits. My interpretation of the line of Superior Court cases following *Dawkins, supra,* is that the legislature could not have intended to compensate a person whose remuneration is not subject to contribution by the employer. By the same token, I am of the opinion that it was not the legislative intent to deny benefits to those whose wages have been subjected to an employer's tax under §301 of the Act, 43 P.S. 781. In the present case, appellant owned less than 50% of the stock of the employer company, and no other member of his family was a shareholder. While it is of

course true that there are many corporate situations, the present one possibly included, where a shareholder with less than a majority of the outstanding stock has either substantial or effective control, the legislature was not speaking in those terms. In my view the legislature has indicated that the concept of independent businessman is to be limited to a person who, either alone or in combination with his relatives, controls 50% or more of the stock. Had it wanted to exclude from benefits an employee "who, through his ownership of stock and his position in the corporation, exercises a substantial degree of control over the corporation and its operation", it would have made nontaxable the wages of such a person. This it did not do.