Wedner Unemployment Compensation Case.

Argued September 26, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Irwin B. Wedner,* with him *Mark J. Goldberg,* and *Goldberg & Wedner,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 17, 1972:

Appellant, Flora L. Wedner, was denied benefits under the Unemployment Compensation Law. Upon final administrative appeal to the Unemployment Compensation Board of Review, the denial of benefits by the referee was affirmed. The decision of the Board was based on Section (4) (1) (4) (5) of the Law,[1] which reads in pertinent part:

"(4) the Word 'employment' shall not include—

. . .

"(5) Service performed by an individual in the employ of his son, daughter, or spouse. . . ."

The Superior Court, on December 30, 1970, affirmed in an opinionless per curiam order. We granted allocatur.

---

[1] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art I, §4(1) (4) (5), as amended, 43 P.S. §753 (Supp. 1972). Initially, the Bureau and the referee denied benefits to appellant on the ground that she was an "unemployed business woman" who had previously been self-employed. See Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art. IV, §402(h), as amended, 43 P.S. §802 (1964). However, on further appeal to the Unemployment Compensation Board of Review, this basis for the denial of benefits was abandoned.

The facts are not in dispute: Appellant was employed for approximately five years as a bookkeeper and clerical assistant for the Joseph Wedner and Son Co. On June 27, 1969, this corporation was involuntarily placed into receivership. Thereafter, appellant, as well as other employees of Joseph Wedner and Son, was transferred to the employ of the Golden Triangle Storage Co., Inc. (Golden Triangle), an affiliated corporation. In August of 1969, this company also suffered a financial setback and was forced to cease operation. Appellant, in the latter part of August, filed the instant claim for unemployment benefits.

It is uncontested that appellant was a bona fide "employee" of both corporations, performing only those functions expected of an office worker; appellant had no authority to hire or fire, to sell or purchase business commodities, or to perform any other duties associated with the running of the business. The record further discloses that appellant played no part in the decisions which led to the insolvency of either corporation. In addition to receiving a salary for services rendered, Mrs. Wedner, serving as a corporate secretary, also was awarded, in 1968, two percent of the stock in both corporations as remuneration for keeping the corporate minute books. Ninety-six percent of the outstanding shares were owned by appellant's husband, who served as President of both corporations. The remaining two percent of the stock was held by appellant's brother-in-law. Thus, both businesses were family owned corporations.

Appellant's sole contention is that the Board of Review erred in piercing the corporate veil, thereby denying her compensation under Section (4) (1) (4) (5) of the Unemployment Compensation Law, by finding that her employer was her husband, and not the corporation that he owned.

We conclude, on the present facts, that the Board's decision to ignore the corporate entity and to apply the exception of Section (4) (1) (4) (5) was erroneous. Accordingly, we reverse and remand.

Although it is true that "[t]he unemployment compensation authorities are not required to ignore the true state of affairs, but may look into the business entity to determine whether or not there exists in *good faith* the *employer-employe relationship* which is contemplated by the Unemployment Compensation Law,"[2] they are not free to disregard, without sufficient and well articulated reason, the existence of a lawfully created corporate entity. The law is well settled in this Commonwealth as to when the corporate existence may be denied. As this Court held in *Sams v. Redevelopment Authority,* 431 Pa. 240, 244, 244 A. 2d 779, 781 (1968) : "The corporate entity or personality will be disregarded *only* when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime. See Fletcher Cyc., Corporations, §41 (Rev. Ed. 1963), and the numerous cases cited therein; Stevens, Corporations, §18 (1949). Gagnon v. Speback, 389 Pa. 17, 131 A. 2d 619 (1957) ; Satler v. Rice, 184 Pa. Superior Ct. 550, 135 A. 2d 775 (1957)." (Emphasis added.)

"In applying this test, however, any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. . . . Care should be taken on all occasions to avoid making 'the entire theory of the corporate entity * * * useless.' " *Zubic v. Zubic,* 384 F. 2d 267, 273 (3d Cir. 1967) (citations omitted).

Here, however, the Unemployment Compensation Board of Review failed to give even pro forma recognition to the above noted principles. Although the record

---

[2] *Grasavage Unemployment Compensation Case,* 199 Pa. Superior Ct. 396, 400, 186 A. 2d 46, 47-48 (1962).

compiled before the referee and the Board is devoid of any evidence tending to support a finding of fraud, wrongdoing or crime, the Board nevertheless concluded: "In the instant case, the claimant contends she was employed by the corporation. However, the claimant's husband was the major owner of the corporation, and by piercing the corporate veil, it becomes obvious that the claimant's husband was, in fact, her employer."

Such a decision, based on the present record, is untenable. Further, the Superior Court's decision in *Carbone Unemployment Compensation Case,* 201 Pa. Superior Ct. 543, 193 A. 2d 617 (1963), although the only prior case to consider Section (4)(1)(4)(5), is not controlling. In *Carbone,* the court affirmed the denial of benefits to a claimant who was employed by a corporation owned by his two sons and a nephew in three equal shares. However, the decision was arrived at by erroneously relying on a series of cases[3] which approved of the practice of piercing the corporate veil in order to deny benefits to *majority shareholders* and corporate officers on the ground that they were *self-employed businessmen.* See Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art. IV, §402(h), as amended, 43 P.S. §802 (1964).

In the present case, the Board specifically modified the referee's decision, which relied upon cases directly analagous to those cited in *Carbone (Dawkins Unemployment Compensation Case,* 358 Pa. 224, 56 A. 2d 254 (1948), and *Freas Unemployment Compensation Case,* 201 Pa. Superior Ct. 150, 191 A. 2d 740 (1963)), by

---

[3] *Basila Unemployment Compensation Case,* 200 Pa. Superior Ct. 500, 190 A. 2d 155 (1963); *DiGregorio Unemployment Compensation Case,* 197 Pa. Superior Ct. 562, 179 A. 2d 665 (1962); *DePriest Unemployment Compensation Case,* 196 Pa. Superior Ct. 612, 177 A. 2d 20 (1961); *Murray Unemployment Compensation Case,* 193 Pa. Superior Ct. 464, 165 A. 2d 273 (1960); *Hamburg Unemployment Compensation Case,* 192 Pa. Superior Ct. 598, 162 A. 2d 55 (1960).

deleting any suggestion that the claimant's denial of benefits should be affirmed for that reason. The Board's final decision rested solely upon the exclusion provided for by Section (4)(1)(4)(5) of the Unemployment Compensation Law, and upon no other provision or authority.

Even if we were to apply the reasoning of *Carbone* and the cases cited therein to the facts of the instant case, the result we reach today would be the same. For as this Court held in the recent *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 260, 289 A. 2d 726, 728 (1972) : "The turning point of these opinions [Freas, supra, and Roccograndi Unemployment Compenastion Case, 197 Pa. Superior Ct. 372, 178 A. 2d 786 (1962)] was the *collective percentage of the claimants' ownership of the corporation rather than the blood relationship between the claimants.* While these opinions are not binding upon this Court, they do cover the situation and we believe they are correct.

"On balance, we share the view of the Unemployment Compensation Board of Review that the proper test is whether the employee *'exercises a substantial degree of control over the corporation:'* if so, he is a businessman and not an employee." (Parenthetical added.) (Emphasis added.)

Under this test, it is beyond cavil that appellant was an employee and not a self-employed businesswoman.

Although it is evident that Section (4)(1)(4)(5) is aimed at "family" businesses, the abuses the Law seeks to avoid are not those presented by this record. Both corporations here involved were involuntarily forced out of business; in neither situation was this decision within the discretion of appellant or even her majority shareholder spouse.[4]

---

[4] The record also indicates that the Joseph Wedner and Son Co. paid sums on behalf of its employees into the Federal and

"Finally, it is to be remembered that the Unemployment Compensation Law is a remedial statute, and, excepting the sections imposing taxes, its provisions must be liberally and broadly construed so that its objectives [insuring that employees who become unemployed through no fault of their own are provided with some semblance of economic security] may be completely achieved." *Blum Unemployment Compensation Case,* 163 Pa. Superior Ct. 271, 278, 60 A. 2d 568, 571 (1948) (parenthetical added) (citations omitted).

Accordingly, we reverse the order of the Superior Court and vacate the order of the Unemployment Compensation Board of Review and remand the record to the Board of Review for further proceedings consistent with this opinion.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

The Court considers the inapplicability of Section (4)(1)(4)(5) of the Unemployment Compensation Law to be determinative of appellant's eligibility for benefits. I am unable to agree with the rationale of the opinion. See *Starinieri Unemployment Comp. Case,* 447 Pa. 256, 260 (POMEROY, J., dissenting). Furthermore, the result reached, in my opinion, is faulty because it overlooks Section (4)(x)(10) of the Law, which at the times here involved* provided as follows:

"(x) 'Wages' means all remuneration . . . paid by an employer to an individual with respect to his employ-

---

Pennsylvania unemployment insurance funds. The issue of whether the Federal Unemployment Tax was "payable" was neither raised below nor on this appeal by either party. Thus the issue of payability is not before this Court. Cf. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, art. I, §4(X)(10), repealed, Act of September 27, 1971, P. L. 406, §8.

* Although repealed by the Act of September 27, 1971, P. L. , No. 108, §8, Section (4)(x)(10) was in force when the Board denied benefits to the applicant in the present case.

ment *except that the term 'wages' shall not include*:
. . .

"(10) The amount of any payment made after October first, 1961, to an individual by any corporation, partnership, association or other business entity in which fifty per centum (50%), or more of the proprietary interest is owned by such individual, his spouse, father, mother, son, daughter, brother, sister, or any combination of such persons, *unless the tax imposed by the Federal Unemployment Tax Act [26 U.S.C.A. §§3301 et seq.] is payable with respect to such payment or payments.*" (Emphasis added.)

Under Section 404 of the Law, an applicant such as appellant must have been paid a certain minimum ($440) in *"wages"* in the base year in order to qualify for benefits. As appellant's husband owned 98% of the proprietary interest in the employing corporation, Golden Triangle Storage Co., Inc., it is clear that under Section (4)(x)(10) her remuneration from that corporation did not qualify as "wages", unless a tax was payable by that company under the Federal Unemployment Tax Act. Because the record does not reveal whether or not such a federal tax was in fact payable, I would remand to the Board for such a determination. Since the remand ordered by the majority appears to be premised on the appellant's eligibility for benefits, I am obliged to dissent.