Daniel R. DeLullo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*John R. Fernan,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *John T. Kupchinsky,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 8, 1978:

The Bureau of Employment Security, a referee and the Unemployment Compensation Board of Review each decided that the appellant, Daniel R. DeLullo, was ineligible to receive unemployment compensation benefits because in his work for Carbon City Products, Inc. he was engaged in self-employment and therefore when he lost that work he became an unemployed businessman. The decisions of the unemployment compensation authorities were based on the case of *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972), and its interpretation of Section 402 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.

It will be recalled that the claimant in *Starinieri, supra,* owned less than 50% of the stock of the corporation of which he was Secretary-Treasurer and executive manager earning $140 a week, that the corporation was required to file a voluntary petition in bankruptcy which led to the claimant's unemployment and that the Supreme Court held that the proper test was not that of whether the employee had control of a majority of the stock but whether he exercised a substantial degree of control over the corporation.

DeLullo owned 15% of the outstanding shares of stock of Carbon City Products, Inc. and appears to have been one of the three largest of the 42 shareholders. At the end, DeLullo was purchasing agent, operations manager, personnel manager and one of the seven members of the board of directors. His salary was $500 a week. In 1973, the shareholders, including DeLullo, decided to sell their shares of stock in the corporation. Satisfactory buyers were finally found and the sale of all of the stock was consummated on or about February 1, 1977, the date on which DeLullo's

association with the company in the capacities mentioned ceased. Prior to February 1, 1977, DeLullo had trained persons chosen by the new owners to do his work. An employer's representative testified at the hearing that it was "pretty much agreed upon that Mr. DeLullo . . . would not be continuing along with the company," and DeLullo testified that an agreement was executed between him and the buyers that he would be available for consulting at $100 per day. The basic facts are quite similar to those in *Starinieri, supra*, with the added, it seems to us disqualifying, element here that DeLullo as an important stockholder, officer and manager agreeing to the sale helped to bring about his own severance, as contrasted to the bankruptcy which was the occasion for the unemployment of the claimant in *Starinieri, supra*.

Order affirmed.

## ORDER

AND Now, this 8th day of December, 1978, the order of the Unemployment Compensation Board of Review denying benefits is affirmed.