BRADLEY, Judge.
William J. Davis, as director of the Alabama Department of Industrial Relations (hereinafter referred to as “Industrial Relations”), appeals from a judgment holding that J. W. Sherer was entitled to unemployment compensation. We reverse.
Mr. Sherer was the president, manager, and sole stockholder of the Royal Crown Bottling Company of Gadsden, Inc., and a principal stockholder of Royal Crown Bottling Company of Cullman, Inc. Mr. Sherer sold his entire interest in both companies to a corporation based in Atlanta. When he applied for unemployment compensation benefits, his request was denied. Claimant appealed this decision to the board of appeals which also denied his request. This was followed by an appeal to the Etowah County Circuit Court for a trial de novo. The trial court held for the claimant. Appellant filed a motion to vacate the judgment. This was denied. Industrial Relations then filed a timely appeal to this court.
In order for claimant to be entitled to unemployment compensation, he must come under § 25 — 4-78(2) of the 1975 Code of Alabama. This section states:
An individual shall be disqualified for total or partial unemployment:
(2) VOLUNTARY DEPARTURE FROM WORK. — If he has left his most recent bona fide work voluntarily without good cause connected with such work. [Emphasis ours.]
Thus, the issues before us are whether claimant terminated his employment without “good cause,” thus disqualifying him for the benefits, and, if so, did the trial court err in awarding unemployment compensation.
*644 Mr. Sherer admits that he voluntarily left his employment by selling out. He testified that he knew that he would not continue working for the company after he sold out, and that he did not have another job pending. This court stated in Department of Industrial Relations v. Estes, 45 Ala.App. 360, 231 So.2d 137 (1970):
[W]hen claimant admitted that she left her employment with Dan River Mills voluntarily, but sought to avoid the disqualification from receiving unemployment compensation benefits under Section 214-B, supra, the burden was then cast upon her to show that she had good cause connected with her work for leaving such employment.
This court has defined “good cause”: [A]s used in § 25-4-78 [Code of Alabama 1975] has been defined as, “substantial reason; just ground for action; adequate excuse that will bear the test of reason; and always the element of good faith.”
Department of Industrial Relations v. Lynch, Ala.Civ.App., 370 So.2d 1050 (1979). The only reason given at trial for the selling of the company was that the machinery and equipment in the Gadsden plant were too small.
Although there are no cases from this jurisdiction on the issue presented, other states have been confronted with similar questions and have determined that where the sole owner of a business sells it voluntarily, whether due to lack of operating funds, inadequate equipment or bad business management, such owner was not “unemployed” within the meaning of their unemployment compensation laws and was not entitled- to any benefits. Mednick v. Unemployment Compensation Board of Review, 196 Pa.Super. 73, 173 A.2d 665 (1961); Murray v. Unemployment Compensation Board of Review, 193 Pa.Super. 464, 165 A.2d 273 (1960); Fish v. White Equipment Sales & Service, 64 Wis.2d 737, 221 N.W.2d 864 (1974).
In the case at bar the only reason given for the sale of the business and the voluntary termination of employment was antiquated machinery. Such is not “good cause” within the meaning of our unemployment compensation law and does not entitle claimant to benefits.
To support his position, claimant says that the buyer corporation was in a position to offer him employment, but that this was not done even though he was willing and able to accept employment. He also says that he has looked for employment in three different places without success. Claimant also maintains that since he has contributed for many years to the unemployment compensation fund, he should now be able to collect. Appellant counters by pointing out that the only way to receive money paid in is to come under the statute. Appellee further cites Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (1970) for the proposition that:
[T]he Unemployment Compensation Act is remedial in character, and its beneficent purpose should be liberally construed, and its provisions of disqualification from benefits should be narrowly construed.
However, this case addressed the purpose of the act in relation to involuntary unemployment and thus does not apply here.
We conclude that claimant was disqualified from receiving unemployment compensation benefits due to his failure to prove that he had “good cause” under the statute for terminating his employment. Consequently, the trial court’s judgment is reversed and the cause is remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES, J., concurs.
WRIGHT, P. J., recuses himself.