## Kassarich v. Donn

*Michael H. Engal*, for plaintiffs.
*Robert W. Maris*, for defendants.

BIUNNO, *J.*, November 7, 1980—This equity action came before the court on plaintiffs' request for specific performance and other equitable and legal relief. After the court filed its adjudication and decree nisi, defendants filed 87 exceptions thereto.

• • •

Finally, defendants argued that the court erred in

paragraph #3 of the decree nisi wherein it ordered that defendant Girard Nationwide Plan, Inc. pay the entire sum of $50,000 due under the loan agreement at six percent interest from July 31, 1973.

Defendants contend that since this loan agreement called for installment payments over a ten year period at $5,000 per year at five percent interest and did not contain an acceleration clause for its breach, the court erred in ordering full payment of the loan at six percent interest.

Defendants cited Restatement, Contracts, §316, to support their proposition that where an installment contract does not include an acceleration clause, suit can only be brought for those payments which have been defaulted upon and not for all portions of the contract.

Counsel for defendants admits that no Pennsylvania cases could be found explicitly adopting section 316 of the Restatement, Contracts. The court's own research similarly failed to find any such case. However, further research by the court did indicate that in cases such as Rose v. Cohen, 193 Pa. Superior Ct. 454, 165 A. 2d 273 (1960), and Grimes v. Grimes, 216 Pa. Superior Ct. 150, 264 A. 2d 410 (1970), the appellate courts have recognized this principle without hesitation or citation.

In accordance with the aforementioned cited provisions, paragraph #3 of the decree nisi will have to be amended to require defendant, Girard Nationwide Plan, Inc., to pay plaintiffs the sum of $35,000, which is the sum currently due on the loan, at five percent interest from June 18, 1973, until the date of the final decree and at six percent interest thereafter.

Accordingly, the decree nisi is amended and the following is entered as the final decree of the court.

## FINAL DECREE

And now, November 7, 1980, it is hereby adjudged and decreed that the following be entered by the prothonotary as the final decree in this matter:

1. Plaintiffs are the owners of 500 shares of Girard Nationwide Plan, Inc., representing one-half of the capital stock of the company, and Donn and Girard Nationwide Plan, Inc. are directed to register plaintiffs' ownership on the stock registry of Girard Nationwide Plan, Inc.

2. Said defendants are directed to file an accounting within 60 days from the date hereof of all transactions conducted by Girard Nationwide Plan, Inc. from June 29, 1977.

3. Judgment is hereby entered in favor of plaintiffs and against defendants, Girard Nationwide Plan, Inc., for the sum of $35,000 with interest at five percent per annum from July 31, 1973, until the date hereof and at interest of six percent per annum thereafter.