Arnold J. Schure, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Lawrence M. Ludwig,* with him *Richard W. Bagley, Henkelman, Kreder, O'Connell & Brooks,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 30, 1982:

Arnold Schure appeals an Unemployment Compensation Board of Review benefits denial. We affirm.

Schure was the president and one-third shareholder in Pocono Enterprises, Inc. (Pocono). When Pocono filed for bankruptcy, Schure applied for unemployment compensation benefits. The Board found him ineligible for benefits, concluding that he was an "unemployed businessman."[1]

---

[1] The Board adopted the findings and conclusions of the referee. The referee, however, had modified the decision of the Office of Employment Security which denied benefits on the basis of Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

The test applied in determining whether a claimant is ineligible for benefits as an "unemployed businessman" is whether the employee " exercises a substantial degree of control over the corporation.' " *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 260, 289 A.2d 726, 728 (1972). The record discloses that Schure hired and fired employees and made business decisions, as well as performing duties as the corporation's mechanic. We conclude that the Board correctly applied the *Starinieri* test when it found Schure ineligible for benefits.

Schure asserts that application of the *Starinieri* doctrine to his situation would result in an unfair and unconstitutional denial of unemployment compensation benefits. We disagree. He would have this Court adopt an "earnings" test, contending that he made no more than the workers employed by his corporation. However, as our Supreme Court wrote in *Starinieri,* "[t]he Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen." *Id.* at 258, 289 A.2d at 727. We can find no justification to deviate from this concept.

---

The referee reasoned that the gap-filling doctrine of the *Starinieri Unemployment Compensation Casse,* 447 Pa. 256, 289 A.2d 726 (1972), applied rather than Section 402(h) of the Law. We agree, in that Section 402(h) provides:

[T]hose who make preparations for the establishment of a business venture during their benefit year are ineligible for benefits, while those persons who engage in similar side-line activities while fully employed and who continue to do so without substantial change during their benefit year are eligible.

*Kirk v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 92, 97, 425 A.2d 1188, 1191-92 (1981). Here, Schure does not fit within the provisions of Section 402(h) because he is not engaged in a side-line business, nor is he seeking benefits while being currently engaged in an independent enterprise.

Schure also claims that, by denying him benefits, he was deprived of his due process rights because contributions to the Unemployment Compensation Fund were made in his name by his corporation. We have already rejected this argument. *See Bagley & Huntsberger, Inc. v. Employer Accounts Review Board, Department of Labor and Industry,* 34 Pa. Commonwealth Ct. 488, 383 A.2d 1299 (1978).

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-184330 dated May 21, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.