Wax Unemployment Compensation Case.

Argued December 15, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Joseph Lurie,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

The claimant was last employed by Mid City Press, Philadelphia, and his last day of work was January 20, 1956, at which time he was laid off due to lack of work. He filed an application for benefits on February 11, 1956, as a result of which he received compen-

sation for 30 weeks. Another application was filed on February 11, 1957 and again he received payment for 29 weeks.

On September 19, 1957, claimant received a notice from the Bureau which disapproved the claim for the above benefits.

The record disclosed that claimant acquired the Delphi Hotel, 1722 Arch Street, Philadelphia in 1944. He leased the hotel for several years to Jacob Bergelson but on October 1, 1955 he undertook to operate it himself, and applied for an employer's account number effective October 1, 1955. Claimant filed his quarterly returns showing the number of employes and the wages paid for 1955, 1956 and 1957.

The Bureau, the Referee and the Board of Review, all decided that the applications for benefits were invalid. Their decisions were based on claimant's activities in connection with the hotel business.

The findings of fact made by the Board of Review are supported by competent testimony and are binding upon the Appellate Courts.

This Court has held that it is the function of the Board to pass upon the credibility of witnesses and to draw inferences therefrom. *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271.

The claimant, according to the testimony, has been engaged in the operation of a hotel during the time when he was employed by Mid City Press. Under these circumstances can the claimant be deemed "unemployed" as that term is used in section 401 of the Unemployment Compensation Law? Claimant contends that he was merely the owner of the hotel and was not engaged in its operation. Several witnesses, however, testified that he took an active part in the operation of his hotel, supervised it, collected the room rents and paid his employes who rendered services in the hotel.

By so doing he assumed the risk of profit or loss and cannot now expect the fund to finance him on the ground that the hotel business failed to show a profit.

The purpose of the Unemployment Compensation Law is solely for the benefit of those who are unemployed. Persons who are not unemployed cannot receive the benefits of the law. *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429. Persons who are engaged in business for themselves must be considered to have removed themselves from the class of unemployed.

In view of the testimony in the record, the claimant was disqualified for compensation.

Decision of the Board of Review is affirmed.