Gilbert *v.* Unemployment Compensation Board of Review.

Argued December 8, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Margaret S. Gilbert,* appellant, for herself.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 30, 1973:

Margaret S. Gilbert (claimant) is the president and treasurer of Gilbert Sportswear, Inc., a "contract sewing" company located in Reading. The claimant owns 90% of the capital stock of Gilbert Sportswear, the remaining 10% being owned by her daughter. During

the summer of 1971 the business of Gilbert Sportswear came to a virtual standstill due to the completion and loss of certain contracts. The claimant thereupon filed a claim for unemployment compensation, but her claim was denied by the Bureau of Employment Security on the ground that she was an unemployed businesswoman and ineligible for benefits. The claimant appealed to a referee who, following a hearing, also found her ineligible. The Unemployment Compensation Board upheld the referee's decision. We must affirm.

Section 402 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802, states that: "An employe shall be ineligible for compensation for any week . . . (h) In which he is engaged in self-employment. . . ." It has been stated that: "The Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen. . . ." *Freas Unemployment Compensation Case*, 201 Pa. Superior Ct. 150, 152, 191 A. 2d 740, 741 (1963). Also, *see Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A. 2d 254 (1948); *Roccograndi Unemployment Compensation Case*, 197 Pa. Superior Ct. 372, 178 A. 2d 786 (1962).

In *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A. 2d 726 (1972), the Supreme Court held that the proper test to decide if a claimant is a businessman and not an employee is whether or not he "exercises a substantial degree of control over the corporation." In this case, the claimant not only is the president and treasurer of Gilbert Sportswear, but owns 90% of the capital stock. It is clear that she exercises a substantial degree of control over the company and is not merely an employee. She is thus not eligible for unemployment compensation benefits.

The claimant, who was permitted to argue her case orally without filing a brief, made many references in

her oral argument before the Court to her belief that she had been discriminated against because she was a woman, citing alleged instances of men claimants under allegedly similar circumstances who were allowed benefits. There was, however, no evidence in the record or proffered by the claimant of any discrimination, and, in the alleged instances described by the claimant, benefits might well have been allowed on grounds available to the men in such cases on account of the special circumstances of the businesses in which they were engaged which were not available to the claimant under the circumstances of her business at the time of her claim.

We, therefore, issue the following

### ORDER

Now, January 30, 1973, the Order of the Unemployment Compensation Board is affirmed and benefits are denied to Margaret S. Gilbert.