Richard B. Medoff, Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 7, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard B. Medoff,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, August 2, 1973:

The narrow question for decision is whether the Unemployment Compensation Board of Review had sufficient basis to find as a fact that appellant was an unemployed businessman, as distinguished from an unemployed worker, when he was ousted as President and Chief Executive Officer of a corporation of which he was an incorporator and, together with his wife, owned 26% of the stock. A review of the record convinces us that it does support the decision of the Bureau, the Referee, and the Board that appellant is not eligible for benefits.

In a well-prepared and presented argument, appellant recognizes that to reverse the Board, we would

have to hold that for a chief executive officer to be barred by the unemployed businessman doctrine, he, together with his family, would have to control more than 50% of the stock of the corporation. This question was put to rest by *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A. 2d 726 (1972), and followed by this Court in *Gilbert v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 406, 299 A. 2d 695 (1973), and *Mandel v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 477, 303 A. 2d 583 (1973). It is not control of the stock that is the basis for the doctrine, but rather the control of the operation of the business. If control of more than 50% of the stock were required, there would be little need for the unemployed businessman doctrine, for removal from office under such circumstances would almost always fall into the category of a "voluntary quit."

Appellant argues that the admitted fact that he was fired, which he unsuccessfully resisted by court action, shows conclusively that he did not have control of the day-to-day operation of the corporation. This is but another way of restating that more than a 50% stock control would be required. The record shows that the reason appellant was ousted was not a lack of control on his part of the way the corporation was to be operated, but rather his refusal to agree to a sale of the corporation, i.e., a termination of its operation.

Appellant asserts that having a written contract establishes that he was an employee. Of course, he was an employee of the corporation, with or without a written contract. The terms of the contract are not in the record other than that the salary was originally $20,000 a year which appellant voluntarily reduced to $17,000. However, appellant testified that he handled all aspects of the business.

No good purpose would be served by reviewing the development of the law of the unemployed businessman doctrine, it having been so recently and so well reviewed by Chief Justice JONES in *Starinieri*. The instant case has received the careful attention it deserved by the Board of Review which, after the first hearing and finding against appellant by the referee, remanded it to a different referee to act as a hearing officer to make a more complete record. It concluded its discussion in its four-page unanimous opinion with the following paragraph: "From all of the evidence introduced by the claimant including the documentation of the Equity proceedings, his testimony submitted at two hearings before a Referee and a Board Hearing Officer, and his affidavit dated August 4, 1972, it is apparent that the claimant was clearly the chief executive officer of the corporation and, as such, deeply involved in various facets of its operations. His services were used in marketing, sales, engineering, development and research. There is no evidence that his authority was limited in any of these fields. Were his services confined to any one of these operations it might be argued that he did not exercise a substantial degree of corporate control. Likewise, if the claimant had been a minor corporate officer, his stature with the company would have been less imposing. Whereupon, the Board holds that the claimant was, in fact, in a position where he did exercise a substantial degree of control over the corporation and is, therefore, ineligible for benefits."

Accordingly, we enter the following

### ORDER

Now, August 2, 1973, the order of the Unemployment Compensation Board of Review is affirmed, and benefits are denied Richard B. Medoff.