Maurice D. Chaiken, Appellant, v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Samuel B. Brenner,* with him *Brenner and Brenner,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 2, 1974:

This is an appeal filed by Maurice D. Chaiken (Chaiken) from an order of the Unemployment Compensation Board of Review (Board) dated August 10, 1973, wherein the Board affirmed the adjudication of its ref-

eree denying unemployment compensation benefits to Chaiken.

Chaiken was last engaged as president and manager of National Factors, Inc., a family-owned corporation, from August 1958 to November 3, 1972. The corporation was engaged in the business of factoring which involves the purchase of accounts receivable at a discount, and the ultimate collection of such accounts usually at something more than the price paid by the factor. The record indicates that the stock of the corporation is owned by Chaiken's wife (10,000 shares) and by Chaiken's son (3,000 shares). At the time of his last date of employment, Chaiken was receiving a salary of $200 per week. Chaiken became separated from his employment because of a loss of business by the corporation. However, his wife and son still continue to operate the business on a part-time basis.

The Board concluded that Chaiken was not entitled to benefits because upon the termination of his relationship with the corporation, he became an unemployed businessman and not an unemployed worker. In his appeal to this Court, Chaiken contends that he is an unemployed worker because he owned no stock and his son controlled the business.

"Our scope of review in these cases, absent fraud, is confined to questions of law, and a determination as to whether the Board's findings are supported by the evidence. The credibility and weight to be given evidence are questions for the Board. The party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence." *Starr v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 265, 267-268, 309 A. 2d 837, 839 (1973).

The State Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, §402, *as amended*, 43 P.S. §802(h), in pertinent

part provides: "An employe shall be ineligible for compensation for any week. . . . (h) In which he is engaged in self-employment: . . ." The Superior Court has stated that: "The Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed business men: . . . ." *Freas Unemployment Compensation Case,* 201 Pa. Superior Ct. 150, 152, 191 A. 2d 740, 741 (1963). The Pennsylvania Supreme Court dealt with the question of a corporate officer's eligibility for unemployment compensation in *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A. 2d 726 (1972). In *Starinieri,* Chief Justice JONES reviewed the development of the law on this point and stated the current rule: "[T]he proper test is whether the employee 'exercises a substantial degree of control over the corporation;' if so, he is a business man and not an employee." 447 Pa. at 260, 289 A. 2d at 728. *Starinieri* also teaches us that the corporate officer-employee need not hold a majority of the corporation's stock in order to be ineligible for benefits. This Court has followed the *Starinieri* decision in at least four recent cases. *See Starr, supra; Medoff v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 466, 308 A. 2d 185 (1973) ; *Mandel v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 477, 303 A. 2d 583 (1973) and *Gilbert v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 406, 299 A. 2d 695 (1973).

Our careful review of the record made in this case permits us to conclude that there is sufficient evidence in this record to support a finding that Chaiken exercised a substantial degree of control over this corporation. Therefore the referee and the Board correctly concluded that Chaiken was an unemployed businessman and thus was not entitled to benefits. We therefore

## ORDER

AND Now, this 2nd day of April, 1974, it is ordered that the appeal of Maurice D. Chaiken is hereby dismissed, and the Order of the Unemployment Compensation Board of Review is hereby affirmed.