Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Robert J. Miller and/or Prefabco, Inc., Appellants.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER, and BLATT, sitting as a panel of three.

Robert J. Miller, appellant, for himself.

Charles G. Hasson, Assistant Attorney General, with him Sydney Reuben, Assistant Attorney General, and Robert P. Kane, Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 16, 1975:

Robert J. Miller (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) denying him benefits. He had previously been denied benefits by both the Bureau of Employment Security and a referee.

The claimant testified that he had been the president, director, and sole stockholder of Prefabco, Inc. for four years until February 22, 1974. On that date, the Internal Revenue Service seized all the assets of the corporation and on April 12, 1974 sold them at a public sale. On April 15, 1974 the claimant applied for benefits, listing Prefabco, Inc. as his employer.

In Starinieri Unemployment Compensation Case, 447 Pa. 256, 289 A.2d 726 (1972), our Supreme Court has clearly construed Section 402(h) of the Unemployment Compensation Law,[1] 43 P. S. §802(h) as providing that a self-employed person who becomes an "unemployed businessman" is ineligible to receive unemployment compensation. The Court there also indicated that the Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen. We have followed the Starinieri case in a number of more recent decisions:

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P. S. §751 et seq.

*Chaiken v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 534, 317 A.2d 345 (1974) ; *Starr v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 265, 309 A.2d 837 (1973) ; *Medoff v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 466, 308 A.2d 185 (1973) ; *Mandel v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 477, 303 A.2d 583 (1973) ; and *Gilbert v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 406, 299 A.2d 695 (1973).

The claimant advances before us, however, an interpretation of the Unemployment Compensation Law which would not preclude "unemployed businessmen" such as himself from the receipt of benefits. He attempts to distinguish *Starinieri* because the cessation of business there was due to the corporation's filing of a voluntary petition in bankruptcy, whereas here the claimant's corporation was apparently forced out of business involuntarily. Such a distinction is, in our view, untenable for, as we pointed out in *Medoff, supra,* the unemployed businessman doctrine is not based on the voluntary nature of the cessation of business. Rather, the test is simply whether or not the claimant "exercises a substantial degree of control over the corporation." *Starinieri, supra,* 447 Pa. at 260, 289 A.2d at 728. If so, he is a businessman and is ineligible for benefits. The record establishes, without a doubt, that the claimant here held the requisite degree of control.

We, therefore, issue the following

ORDER

AND, NOW, this 16th day of October, 1975, the order of the Unemployment Compensation Board of Review is affirmed and the claimant is denied benefits.