Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* E. Franklin Bohl, Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Boyd G. Hixson*, with him *Harry A. Dower*, for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 4, 1976:

E. Franklin Bohl (appellant) was last employed by Allentown Converting Co. Since 1959, appellant held the office of president of the company; he was also a director of the company and owned approximately 25 percent (27,001 shares) of the stock in the company. His day-to-day duties consisted of managing production of the corporation's textile processing. The majority stockholder of the corporation was Leland Smith, who at various times owned up to 65 percent of the stock.

Early in 1974, the board of directors decided to liquidate the corporation. This was accomplished, and appellant's last day of work was September 30, 1974. Appellant applied for and was denied unemployment benefits by the Bureau of Employment Security on the grounds that he had become an unemployed "businessman" rather than an unemployed "worker." On appeal, the referee and the Unemployment Compensation Board of Review (Board) upheld the Bureau's determination.

Our scope of review in an appeal from the Board is defined in Section 510 of the Unemployment Compensation Law (Law) :[1]

"[T]he findings of the board or referee, as the case may be, as to the facts, if supported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law. . . ."

Appellant alleges that the Board erred as a matter of law in concluding that he was ineligible, as an unemployed

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. [1937] 2897, *as amended,* 43 P.S. §830.

businessman, to receive benefits under Section 402(h) of the Law.[2] Section 402(h) provides in pertinent part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(h) In which he is engaged in self-employment . . . ."

On the question of what constitutes a businessman, our Supreme Court has held in *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 260, 289 A.2d 726, 728 (1972):

"[T]he proper test is whether the employee 'exercises a substantial degree of control over the corporation'; if so, he is a businessman and not an employee."

Appellant contends that, although he held the position of president and was a director and 25 percent shareholder, as well as being general manager of production in the corporation, the corporate decisions were functionally controlled by Leland Smith, the majority stockholder. This Court has held in a long line of decisions following *Starinieri, supra*, that persons situated similarly to appellant fall within the category of "unemployed businessmen."[3] Notwithstanding appellant's assertions, we find the *Starinieri* case to be controlling here.

---

2.    43 P.S. §802(h).

3.    *See, e.g., Unemployment Compensation Board of Review v. Miller*, 21 Pa. Commonwealth Ct. 367, 346 A. 2d 367 (1975); *Chaiken v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 534, 317 A. 2d 345 (1974); *Starr v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 265, 309 A. 2d 837 (1973); *Medoff v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 466, 308 A. 2d 185 (1973); *Mandel v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 477, 303 A. 2d 583 (1973); *Gilbert v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 406, 299 A. 2d 695 (1973).

Accordingly, we enter our

ORDER

Now, this 4th day of March, 1976, the order of the Unemployment Compensation Board of Review denying benefits to E. Franklin Bohl is affirmed.