Paul E. Kerns *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Paul E. Kerns, Appellant.

Argued December 6, 1976, before Judges Kramer, Wilkinson, Jr. and Rogers, sitting as a panel of three.

*Victor Dell'Alba,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, December 29, 1976:
Claimant appeals from an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(h) of the Unemployment Compensation Law.[1]  The Board, affirming the referee, found that claimant was an unemployed businessman and, thus, ineligible for benefits.  We agree.

The record shows that claimant was the owner of one-quarter (¼) of the capital stock of Trimen Industries, a Pennsylvania corporation engaged in manufacturing.  He served as Secretary-Treasurer of the corporation and as a member of the Board of Directors.  Claimant worked as a foreman for the corporation until he was involuntarily discharged for his refusal to take additional personal financial responsibility for a program of corporate expansion.  Upon his discharge, claimant applied for unemployment compensation benefits.

This case falls squarely within the rule of *Starinieri Unemployment Compensation Case,* 447 Pa. 256,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897 (1937), *as amended,* 43 P.S. §802(h)  (disqualifies self-employed persons).

289 A.2d 726 (1972), despite claimant's efforts to distinguish it. In that case, the Pennsylvania Supreme Court held that unemployed businessmen are not eligible for unemployment compensation. Within the context of Section 402(h), a businessman is "one who through ownership of stock and his position in the corporation exercises a 'substantial degree of control' over its operation. . . ." *Starinieri, supra,* 447 Pa. at 259, 289 A.2d at 727. Claimant's ownership of one-quarter (¼) of the capital stock and status as a corporate officer and member of the Board of Directors shows substantial control over the operation of the company. *See Starr v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 265, 309 A.2d 837 (1973); *Medoff v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 466, 308 A.2d 185 (1973).

Claimant mistakenly relies on *Wedner Unemployment Compensation Case,* 449 Pa. 460, 296 A.2d 792 (1972), for the proposition that the referee and Board should not have pierced the corporate veil to determine whether claimant was an unemployed businessman. The contention is without merit. It was made clear in *Wedner, supra,* and in our more recent case, *Feltman v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 153, 325 A.2d 322 (1974), that Section 402(h) was not at issue; rather, each case dealt with Section 4(1)(4)(5), 43 P.S. §753 (1)(4)(5).

Accordingly, we will enter the following

## ORDER

Now, December 29, 1976, the order of the Unemployment Compensation Board of Review, Decision Number B-130143, filed February 25, 1976, is affirmed and claimant's appeal is dismissed.