Max Schultz, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued January 31, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Richard B. Malis,* with him *Malis, Tolson & Malis,* for appellant.

*David Bianco,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 28, 1977:

This is an appeal by Max Schultz (appellant) from an order of the Unemployment Compensation Board of Review (Board) denying him benefits under Section 402(h) of the Unemployment Compensation Law.[1] The Board, affirming the referee, found that appellant was an unemployed businessman and, thus, ineligible for benefits.

The record shows that appellant was the owner of 25% of the capital stock of D. Schultz & Co., Inc., a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h) (disqualifies self-employed persons).

family-owned corporation. Appellant served as the president of the corporation for approximately one and one-half years, prior to his separation on December 31, 1974. Due to pressure exerted by creditors and the other shareholders, appellant agreed to participate in the sale of the corporation to an outside interest. The new ownership immediately removed appellant from his position as president, thus completely severing his relationship to the corporation, now known as Northeastern Wallcoverings of Pa., Inc. Upon his discharge, appellant applied for unemployment compensation benefits.

Our careful review of the record has failed to disclose any material distinction between this case and a number of prior cases decided by this Court: *Kerns v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 48, 367 A.2d 334 (1976); *Unemployment Compensation Board of Review v. Bohl*, 23 Pa. Commonwealth Ct. 543, 353 A.2d 72 (1976); *Medoff v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 466, 308 A.2d 185 (1973). All of the arguments raised by appellant are answered in one or more of those cases. Our review of the law in this area and the facts, as found by the Board and supported by substantial evidence in the record, leads us to conclude that we must affirm the Board's conclusion that appellant exercised a substantial degree of control over the corporation and is, therefore, ineligible for benefits under Section 402(h).

## Order

And Now, this 28th day of March, 1977, the order of the Unemployment Compensation Board of Review, Decision Number B-130561, dated March 29, 1976, is affirmed.