## James J. Barrett, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania.

430

Argued April 4, 1977, before Judges Kramer, Wilkinson, Jr. and Blatt, sitting as a panel of three.

*George M. Painter, III,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Blatt, June 7, 1977:

This is an appeal by James J. Barrett (claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment compensation benefits. Benefits were denied pursuant to Section 402(h) of the Unemployment Compensation Law,[1] which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

(h) In which he is engaged in self-employment. . . .

The Board concluded that the claimant was self-employed in that he was an unemployed businessman and not an unemployed employee. This appeal followed.

In an unemployment compensation case, review by this Court is limited to questions of law and a determination of whether the findings of the Board are supported by the evidence, leaving to the Board questions of credibility and evidentiary weight. *Unemployment Compensation Board of Review v. Pinger,* 21 Pa. Commonwealth Ct. 61, 342 A.2d 781 (1975). The claimant argues here that the Board's decision is not supported by the evidence and that it is improper under the law.

The record shows that the claimant was the owner of one-half (½) of the outstanding stock of Applied Learning Corporation (Applied Learning), a Pennsylvania based corporation engaged in providing training services for newspaper employees. He served as president of the corporation and as a member of the board of directors. He was also one of Applied Learning's two employees and worked as a salesman, selling the training service to newspapers. After five months of operations, Applied Learning's income proved insufficient to continue to pay the claimant's salary and he was laid off, but the corporation continued in business through the efforts of the other shareholder. Upon his layoff, the claimant applied for unemployment benefits.

The Pennsylvania Supreme Court held in *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972), that unemployed businessmen are not eligible for unemployment compensation. The court held in *Starinieri* that for the purposes of Section 402 (h), a businessman is an employee who exercises a substantial degree of control over the corporation

which employs him. The Board concluded here that the claimant exercised a substantial degree of control over Applied Learning and that he was therefore an unemployed businessman and our review of the record supports that conclusion. Moreover, this Court has consistently held that persons situated similarly to the claimant fall within the category of "unemployed businessmen." *See Kerns v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 48, 367 A.2d 334 (1976); and *Unemployment Compensation Board of Review v. Bohl,* 23 Pa. Commonwealth Ct. 543, 353 A.2d 72 (1976), and the cases cited therein. We find, therefore, that the Board correctly applied the law in denying benefits to the claimant and that the Board's conclusion that the claimant was an unemployed businessman is supported by the evidence.

We have considered the additional arguments raised by the appellant and find them to be without merit.

The order of the Board is affirmed.

ORDER

AND Now, this 7th day of June, 1977, the order of the Unemployment Compensation Board of Review denying benefits to James J. Barrett is hereby affirmed.

