James J. McNally, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*James J. McNally*, petitioner, for himself.

*Susan Shinkman*, Assistant Attorney General, with her *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 3, 1978:

James J. McNally has appealed from an order of the Unemployment Compensation Board of Review upholding a referee's decision denying benefits under Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). We affirm the Board's order.

Mr. McNally is the president and treasurer of J. J. McNally, Inc. and presently owns fifty percent (50%) of the outstanding stock. McNally was employed as a manager by the company from the time it was founded in 1951 until July 11, 1975 when he removed himself and others from the payroll assertedly because of "a lack of gainful work."

Section 402(h) of the Unemployment Compensation Law provides, in part:

> An employe shall be ineligible for compensation for any week—
> (h) In which he is engaged in self-employment. . . .

The referee concluded that Mr. McNally was self-employed, that he was an unemployed businessman and

that he was not an unemployed employe. In *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972), the Pennsylvania Supreme Court held that unemployed businessmen are ineligible for unemployment compensation benefits and that for purposes of Section 402(h), a businessman is one who exercises a substantial degree of control over the corporation which he claims as his employer. In this case, the referee found on competent evidence that McNally owns fifty percent (50%) of the stock of J. J. McNally, Inc., that he had power to endorse business checks, to buy stock in trade and to hire and fire employes. The referee concluded that McNally exercised a substantial degree of control over J. J. McNally, Inc. and was therefore an unemployed businessman who was not eligible for benefits under Section 402 (h) of the Act.

We have reviewed the record and believe that the findings of the referee are supported by substantial evidence and that he properly denied benefits under Section 402(h). We have consistently held that persons in positions similar to that of Mr. McNally are not employes eligible for unemployment compensation benefits,[1] and we therefore affirm the order of the Board.

ORDER

AND Now, this 3rd day of March, 1978, the order of the Unemployment Compensation Board of Review dated July 26, 1976 in the above-captioned matter is affirmed.

---

[1] See *Barrett v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 429, 373 A.2d 1183 (1977) ; *Kerns v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 48, 367 A.2d 334 (1976) ; and *Unemployment Compensation Board of Review v. Bohl,* 23 Pa. Commonwealth Ct. 543, 353 A.2d 72 (1976).