Charles A. Wallace, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 4, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Leonard A. Costa, Jr.,* with him *Robert Rade Stone,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, June 5, 1978:

Charles A. Wallace has appealed an order of the Unemployment Compensation Board of Review af-

firming a referee's determination that Wallace was an unemployed businessman and therefore ineligible for compensation benefits under Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h). We affirm.

Wallace was separated from his employment with the Academy of Isshinryo Karate, Inc. due to a decline in the corporation's business. Wallace owned 50% of the stock of the corporation, held the offices of secretary and treasurer, and admittedly had a voice in management equal to that of the owner of the other half of the stock. The referee concluded that since Wallace exercised a substantial degree of control over his employer's business he had been engaged in self-employment.

Section 402(h) of the Law provides that a claimant shall be ineligible for compensation for any week in which he was engaged in self-employment. In *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A.2d 726 (1972), the Supreme Court held that the proper test for deciding if a claimant was a self-employed person who had become an unemployed businessman or if he was a person employed by others who had become an unemployed worker, is that of whether the claimant exercised a substantial degree of control over the enterprise with which he was connected. If he exercised substantial control he was self-employed and ineligible for benefits; if not, he was a worker employed by others and entitled to benefits. Wallace was a stockholder and officer of his employer, but more significantly he had an equal voice in management with the only other stockholder. He exercised a substantial degree of control over the corporation which employed him and was therefore a self-employed person who became an unemployed businessman. A

recent case applying the principle is *Unemployment Compensation Board of Review v. Miller*, 21 Pa. Commonwealth Ct. 367, 346 A.2d 367 (1975).

Accordingly, we enter the following

### Order

And Now, this 5th day of June, 1978, the order of the Unemployment Compensation Board of Review dated September 24, 1976 is hereby affirmed.