Edith Jardine, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Jacob S. Richman*, for petitioner.

*Bernadette A. Duncan,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 28, 1978:

Edith Jardine has appealed from an order of the Unemployment Compensation Board of Review upholding a referee's decision denying her unemployment compensation benefits pursuant to Section 402 (h) of the Unemployment Compensation Law, Act of

December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h), which declares that self-employed persons are not eligible to receive unemployment compensation. We affirm the Board's order.

Mrs. Jardine was and still is the owner of one-third of the capital stock of Street Lanes, Inc., a corporation engaged in the operation of a bowling establishment. Mrs. Jardine has been a director of the corporation for a period of time not specified in the record and may, in fact, still be a member of the Board of Directors. She was president of the corporation from the date of its inception, July 1, 1975 until September 30, 1975 when her husband, who owns no stock in the corporation, replaced her as president. Mrs. Jardine had the authority to co-sign corporate checks with either of the other stockholders and to order supplies, although she has chosen to exercise the latter authority on only one occasion. She also served as Assistant Manager of the corporation from July 1, 1975 until June 18, 1976 when the financial circumstances of the business resulted in her separation and her claim for unemployment benefits.

The referee's conclusion, affirmed by the Board, was that Mrs. Jardine while gainfully employed with Street Lanes, Inc. was self-employed, and that upon her separation she became an unemployed business-woman, not an unemployed worker. In *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 289 A. 2d 726 (1972), the Supreme Court held that unemployed businessmen are ineligible for unemployment benefits and that for purposes of Section 402(h), a businessman is one who exercises a substantial degree of control over the corporation which employs him. On the facts of this case, the referee's conclusion that Mrs. Jardine, a large stockholder, an officer, a manager and director of her employer, exercised a sub-

346

stantial degree of control over Street Lanes, Inc. was clearly appropriate.

We have reviewed the record and believe that the findings of the referee are supported by substantial evidence and that benefits were properly denied under Section 402(h), 43 P.S. §802(h). We have consistently held that persons situated similarly to Mrs. Jardine are business persons, not workers.[1] We therefore affirm the order of the Board.

ORDER

AND Now, this 28th day of June, 1978, the order of the Unemployment Compensation Board of Review dated February 7, 1977 is affirmed.

---

[1] See *McNally v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 122, 382 A.2d 1285 (1978) ; *Barrett v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 429, 373 A.2d 1183 (1977), and the cases cited therein.