Elizabeth A. DeCarlo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 3, 1978, before President Judge BOWMAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Stephen M. Cushmore,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, August 3, 1978:

Elizabeth A. DeCarlo (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits ostensibly because she was a self-employed business person under Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).[1]

Claimant was widowed in 1958, and in 1960 sought employment with the United Pipe Column and Railing Company (Company) where she was employed as a Clerk/Typist. Her duties involved answering phones, filing, typing and other administrative duties. At the time of her employment, the Company was owned by Frank DeCarlo (no relation to Claimant) and Joseph Chamberlain, each holding 51% and 49% of the shares of the Company, respectively. The Company was pros-

---

[1] Section 402(h) of the Law states in relevant part:

An employe shall be ineligible for compensation for any week—

. . . .

(h) In which he is engaged in self-employment. . . .

perous at that time and employed salesmen and estimators, among others. In or around 1962, the Company began to falter and Chamberlain sold his shares to Claimant. At the time of her purchase, the Company's office staff was reduced to a two person operation with Claimant assuming the additional responsibilities of preparing estimates for bid documents and contacting customers. Frank DeCarlo was responsible for the technical aspects of the business including firing, hiring, buying, running of the shop, etc. In 1965, Claimant and Frank DeCarlo were married.

In 1969 the DeCarlos were notified by the Pennsylvania Department of Transportation that the property occupied by their Company was located within the right-of-way of a proposed highway and in 1973 they were apprised that physical possession of their property would be required by April, 1975. In anticipation of the impending condemnation, Frank DeCarlo purchased a plot of ground on which to relocate his business and began to plan and prepare for its relocation. These plans and preparations were never followed to fruition, however, because Mr. DeCarlo was stricken with a heart attack which took his life in July, 1974. The responsibility for conducting the business fell upon Claimant and she, as the administratrix of her husband's estate, became the fiduciary owner of 100% of the Company's stock.

Because of substantial losses, Claimant's inability to conduct the business, and the cost of relocating to a new location, the Company's operations were terminated on May 15, 1975. The books of the Company remained opened to close out accounts until December, 1975, and in May, 1976, the Company was officially liquidated.

Claimant contends that even though she was the owner of a substantial number of shares of the Company, her duties were merely administrative and her

control minimal. She argues that although she seemingly possessed the sole decision-making power after her husband's death, she did not have the expertise or the decision-making ability to conduct the business. She further asserts that because the business was failing and because she was unable to find anyone with the expertise to conduct the business, she was required as fiduciary of the estate to terminate the business in lieu of incurring additional losses.

While we sympathize with Claimant, we cannot agree with her.

It is well established that the Unemployment Compensation Law was not enacted to compensate individuals who fail in their business ventures and become unemployed business persons. *See Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).

Our Supreme Court has directed that the proper test for us to apply in deciding whether an employee is a business person is to determine whether the employee exercises a substantial degree of control over the affairs of the business. *See Starinieri, supra.* We do agree that Claimant's control over the business prior to her husband's death was minimal. After his demise, however, Claimant attempted to operate the business for approximately ten months. Certainly, during this time, she exhibited absolute control over the affairs of the business. It was only after she determined that she could not carry on as efficiently and profitably as her late husband did she decide to cease operations; because she exercised a substantial degree of control in attempting to continue the business, we are unable to classify her as an employee.[2]

---

[2] We note that an additional contention of Claimant is that the referee improperly excluded evidence regarding the working relationship between her husband and herself. This argument is without merit.

ORDER

Now, August 3, 1978, the decision of the Unemployment Compensation Board of Review is hereby affirmed.