James B. Finan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 25, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*John H. Klemeyer,* with him *Finan, Beecher, Wagner & Rose,* P.A., for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., October 25, 1978:

This case comes before us on appeal following a decision of the Unemployment Compensation Board of Review dismissing claimant's appeal and affirming the referee's decision to deny benefits and require payment of a fault overpayment in the amount of $1,603. We affirm.

Claimant was last employed by Finan, Inc. as a general construction foreman in October 1976. Finan, Inc. is a family corporation, solely owned by claimant's wife who, in addition, was a full-time employee with another unrelated company. Claimant has worked as a mason for approximately 28 years. In his position as general foreman with Finan, Inc. he exercised control of on-site work details, made recommendations to his wife on hiring and firing, and generally controlled the day-to-day working operations of the corporation. On January 2, 1977 claimant filed for benefits after his separation from the corporation for the reason that no work was available.

Denial of benefits was made pursuant to Section 402(h) of the Unemployment Compensation Law, Act

of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(h)   In which he is engaged in self-employment.

The issue is whether claimant ran the business. "[T]he proper test is whether the employee 'exercises a substantial degree of control over the corporation;' if so, he is a businessman and not an employee." *Starinieri Unemployment Compensation Case*, 447 Pa. 256, 260, 289 A.2d 726, 728 (1972). For an application of this test to facts closely analogous to those presented here, see *Chaiken v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 534, 317 A.2d 345 (1974).

After closely scrutinizing the record before us we find sufficient evidence to support a finding that claimant exercised that degree of substantial control over the operations of the corporation which would negate the formal appearance of an employer-employee relationship between Finan, Inc. and claimant.[1]

Accordingly, we will enter the following

### Order

And Now, October 25, 1978, the Order of the Unemployment Compensation Board of Review, Decision No. B-148564, dated August 12, 1977, denying benefits and imposing liability for fault overpayment to claimant is hereby affirmed.

---

[1] This claimant would be disqualified even under the standard proposed by Justice POMEROY in his dissent in *Starinieri, supra*, for here 100% voting control of the corporation is within the claimant's family, *i.e.*, his wife.