Evelyn P. Richman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Alan F. Markovitz*, with him *Jed Abramowitz*, and *Markovitz, Brooks & Cantor*, for petitioner.

*William J. Kennedy*, with him *John Kupchinsky*, Assistant Attorney General, *Richard Wagner*, Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 18, 1979:

Evelyn P. Richman (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying her benefits pursuant to Section 402(h) of the Unemployment Compenation Law (Act)[1] which provides, in part: "An employe shall be ineligible for compensation for any week . . . (h) [i]n which he is engaged in self-employment. . . ." We affirm.

Claimant had worked, as a general office clerk, for Sandler-Richman Company, Inc. (S-R) since its inception in 1972. In addition, claimant was the secretary of the corporation and held all of the preferred stock. After the death of her husband, on February

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h).

8, 1978, claimant inherited one-half of the stock of S-R. Claimant operated the buiness for 5 months before she decided, with advice of counsel, to liquidate the business because of insolvency. Both the referee and the Board denied her application for unemployment benefits, finding that claimant had exercised a substantial degree of control over the corporation and was therefore self-employed. Claimant's appeal to this court followed.

Claimant first argues that the Board's finding that she was an office clerk is inconsistent with its finding that she exercised a substantial degree of control over S-R. We disagree. There is nothing inherent in the nature of employment as an office clerk that would preclude claimant from exercising a substantial degree of control over a corporation. *See Barrett v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 429, 373 A.2d 1183 (1977); *Kerns v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 48, 367 A.2d 334 (1976); *Unemployment Compensation Board of Review v. Bohl*, 23 Pa. Commonwealth Ct. 543, 353 A.2d 72 (1976). This is especially true here, since claimaant, in addition to being an office clerk, was the majority stockholder, secretary of the corporation, and the one who made the decision to liquidate the business. Although at one time claimant might not have exercised the degree of control necessary to disqualify her from benefits, nevertheless after the death of her husband, she was in complete control of the business. *See DeCarlo v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 137, 388 A.2d 1168 (1978).[2]

Claimant also argues that she had no control over the corporation because all her actions, including the

---

[2] In *DeCarlo*, we held that the claimant was ineligible for benefits because she exercised a substantial degree of control over the business after the death of her husband. We concluded:

liquidation, were accomplished on the "instructions" of counsel. This argument is without merit, since it is clear that claimant had the authority to either reject or accept the advice of counsel.

Finally, claimant's reliance on *Wedner Unemployment Compensation Case*, 449 Pa. 460, 296 A.2d 792 (1972), and *Feltman v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 153, 325 A.2d 322 (1974), is misplaced, since the issues in those cases arose under Section 4(*1*)(4)(5) of the Act, 43 P.S. §753 (*1*)(4)(5), and not Section 402(h).

Accordingly, we enter the following

### ORDER

AND NOW, this 18th day of December, 1979, the order of the Unemployment Compensation Board of Review, dated August 24, 1978, denying unemployment benefits to Evelyn P. Richman, is hereby affirmed.

---

We do agree that Claimant's control over the business prior to her husband's death was minimal. After his demise, however, Claimant attempted to operate the business for approximately ten months. Certainly, during this time, she exhibited absolute control over the affairs of the business. It was only after she determined that she could not carry on . . . did she decide to cease operations. . . .
37 Pa. Commonwealth Ct. at 140, 388 A.2d at 1169.