John McAloon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John McAloon,* petitioner, for himself.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, August 8, 1980:

John McAloon (Claimant) appeals from an order of the Unemployment Compensation Review Board (Board) denying him benefits pursuant to Section 402(h) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h)[1]

The only issue presented by this case is whether the Claimant exercised substantial control over the operation of the corporation such that he is an "unemployed businessman" and, therefore, ineligible for benefits. *Starinieri Unemployment Compensation Case,* 447 Pa. 256, 289 A.2d 726 (1972).

The referee found that the Claimant had invested $21,000 in Bour Motors, Inc. at the time of its formation and thus acquired ownership of 25% of the company. He became Sales Manager and his final weekly salary was $250. The president of the company was Joseph Bour, who owned 50% of the business. Another individual owned the remaining 25% of the business on an investment of $21,000. No stock was ever issued by the corporation. It had no board of directors and no officers except a president.

The record shows that Joseph Bour visited the business approximately once a week. Claimant man-

---

[1] Section 402(h) provides in pertinent part:
An employe shall be ineligible for compensation for any week—
(h) In which he is engaged in self-employment.
43 P.S. §802(h).

aged the day-to-day operations and set his own hours. The record is unclear as to whether the third investor had any active duties in the business whatsoever.

On May 23, 1978, Joseph Bour discharged the Claimant for refusing to leave money, collected after the business office had closed, on the premises. The Claimant had been taking such money home with him because he felt it was not safe to leave it on the business premises.

The referee and the Board concluded that the Claimant exercised substantial control over Bour Motors, Inc.[2] We agree.

The Claimant's contention that he was merely an employee of Bour Motors, Inc. is refuted by his own testimony. At the conclusion of the company's first year in business, he received 25% of the profits. He stated that the intent when the company was formed was that the co-owners would meet and mutually decide how the business would operate. Further, after his discharge, the Claimant withdrew his investment from the company. His role had been neither passive investor, nor mere employee, but active co-owner participating in the business and actively protecting his interest therein.

It is clear that lack of control cannot be inferred from the fact that the Claimant was discharged. *Medoff v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 466, 308 A.2d 185 (1973). The Board's conclusion that the Claimant exercised substantial control over Bour Motors, Inc. is supported by substantial evidence and we affirm.

---

[2] The Board granted a remand hearing on this issue at which the Claimant testified. The employer has not opposed this claim for benefits.

ORDER

AND NOW, this 8th day of August, 1980 the order of the Unemployment Compensation Board of Review, dated December 26, 1978, affirming the decision of the referee, dated September 8, 1978, denying benefits to John McAloon is hereby affirmed.

Judge WILLIAMS, JR. concurs in result only.