Richard Sollosi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Richard Sollosi,* petitioner, for himself.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 7, 1982:

Richard Sollosi (Claimant) has appealed the decision of the Unemployment Compensation Board of Review (Board) which affirmed the order of a referee to deny him benefits as a self-employed businessman under Section 402(h) of the Unemployment Compensation Law (Law),[1] and ordered recoupment of non-fault overpayments pursuant to Section 804(b) of the Law, 43 P.S. §874.

In an unemployment compensation case, where the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law, and whether the findings can be sustained without a capricious disregard of competent evidence. *McDermott v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 393, 431 A.2d 1140 (1981).

Claimant argues that he is an unemployed employee of a family owned concrete construction company rather than an unemployed businessman as the Board found. In the alternative, Claimant contends that if he is ineligible for compensation due to his status as businessman, then the action constitutes a denial of his due process rights. Following a through

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

review of the record, we find that Claimant's status as a "businessman" is supported by sufficient competent evidence. Claimant is an officer and shareholder of the corporation, and exercises a substantial degree of control as foreman of the corporation's business. The business is owned entirely by the claimant, his wife, and his father and mother. The facts adduced before the referee are clearly sufficient to categorize Claimant's status as an unemployed businessman. *Starinieri v. Unemployment Compensation Board of Review*, 447 Pa. 256, 289 A.2d 726 (1972); *Kerns v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 48, 367 A.2d 334 (1976). As an unemployed businessman, Claimant is ineligible for compensation benefits and Claimant's ineligibility does not amount to a denial of due process. *Bagley & Huntsberger, Inc. v. Department of Labor & Industry, Bureau of Employment Security*, 34 Pa. Commonwealth Ct. 488, 383 A.2d 1299 (1978).

Order affirmed.

### ORDER

Now, September 7, 1982, the decision of the Unemployment Compensation Board of Review dated April 16, 1981 at No. B-194456 is hereby affirmed.